UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2146

AMERICAN WILD HORSE CAMPAIGN, *et al*.,

    Petitioners,

        v.

DEBRA HAALAND, *et al*.,

    Respondents.

---

### RESPONSE TO PETITIONERS' SUPPLEMENTAL PETITION FOR REVIEW

---

Respondent Debra Haaland, in her official capacity as Secretary of the United States Department of the Interior, and the United States Bureau of Land Management ("BLM") (collectively "Respondents") respond to the allegations in Petitioners' Supplemental Petition for Review (the "Petition") as follows.  Respondents deny any of the Petition's allegations, express or implied, that are not otherwise expressly admitted, denied, or qualified here.

### **RESPONSES TO SUPPLEMENTAL PETITION ALLEGATIONS**

The paragraph numbers, headings, and subheadings in this Answer correspond to the paragraph numbers, headings, and subheading in Petitioners' Petition.  Respondents do not specifically respond to the section headings included in the Petition, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Respondents deny those allegations.

1.      The allegations in Paragraph 1 characterize the Petition and set forth conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.

2.      The allegations in the first and second sentences of Paragraph 2 are vague,

generalized, and overbroad and do not permit Respondents to reasonably admit or deny any

factual allegations contained therein; for these reasons, the allegations are denied. Upon

information and belief, the allegations in the third sentence purport to characterize language in

various Congressional appropriations bills, which speak for themselves and are the best evidence

of their content. To the extent that the allegations are inconsistent with the plain language of

those documents, they are denied.

3.      In response to the allegations in the first sentence of Paragraph 3, Respondents

admit that they did not provide a public notice and comment opportunity for Instruction

Memorandum ("IM") 2019-025 but deny that they were obligated to do so; Respondents further

deny that IM 2019-025 created the Adoption Incentive Program.  The remaining allegations in

that sentence are vague, generalized, and overbroad, and do not permit Respondents to

reasonably admit or deny any factual allegations contained therein; for these reasons, the

allegations are denied. In response to the allegations in the second sentence, Respondents admit

that they did not prepare an Environmental Impact Statement ("EIS") or Environmental

Assessment ("EA") to analyze the likely environmental impacts of the Program but aver that the

BLM nevertheless complied with the National Environmental Policy Act ("NEPA") when

issuing IM 2019-025. To the extent the allegations in the second sentence purport to characterize

IM 2019-025, the document speaks for itself and is the best evidence of its content. To the extent

that the allegations are inconsistent with the plain language of the document, they are denied.

Respondents deny the remaining allegations in the second sentence. In response to the

allegations in the third sentence, Respondents deny that they did not analyze the economic

impacts of the Program. Respondents admit that analysis was outside of the context of an EIS or EA, but aver that the BLM nevertheless complied with the NEPA when issuing IM 2019-025.

4.      Respondents lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 4 and deny them on that basis. The allegations in the third sentence purport to characterize a report prepared by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the fourth sentence purport to characterize a petition submitted by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents admit the allegations in the fifth sentence.

5.      Respondents admit the allegations in the first sentence of Paragraph 5. The allegations in the second and third sentences purport to characterize IM 2022-14, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the first portion of the fourth sentence regarding the public's "high degree of interest" are vague, generalized, and overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. The allegations in the second portion of the fourth sentence purport to characterize a BLM press release, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. In response to the allegations in the final portion of the fourth sentence, Respondents admit that they did not provide a public notice and comment opportunity for IM 2022-014 but deny that they were obligated to do so. In response to the allegations in fifth sentence, Respondents admit that they

did not prepare an  EIS or  EA to analyze the likely environmental impacts of the Program but aver that the BLM nevertheless complied with NEPA when issuing IM 2022-014.

6.    Respondents deny the allegations in Paragraph 6.

7.    The allegations in Paragraph 7 consist of legal conclusions, to which no response is required.

8.    The allegations in the first sentence and the parenthetical in the second sentence of Paragraph 8 consist of legal conclusions, to which no response is required. Respondents admit that this case was originally filed in the District of Columbia and that Petitioners and Respondents stipulated to transfer this case to the District of Colorado because a related case was already pending in this forum.

9.    Respondents lack sufficient information to admit or deny the allegations in Paragraph 9 and deny them on that basis.

10.    Respondents lack sufficient information to admit or deny the allegations in Paragraph 10 and deny them on that basis.

11.    Respondents lack sufficient information to admit or deny the allegations in Paragraph 11 and deny them on that basis.

12.    Respondents lack sufficient information to admit or deny the allegations in the first, third, fourth, and fifth sentences of Paragraph 12 and deny them on that basis. In response to the allegations in the second sentence, Respondents admit that they did not provide a public notice and comment opportunity for IM 2019-025 but deny that they were obligated to do so. The allegations in footnote 2 to Paragraph 12 cite a press release issued by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

13.     Respondents lack sufficient information to admit or deny the allegations in the first, second, third, fourth, and ninth sentences of Paragraph 13 and deny them on that basis. The allegations in the fifth, seventh, and eighth sentences are vague, generalized, and overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; furthermore, the allegations in the seventh and eight sentences are speculative. For all of these reasons, the allegations are denied. Upon information and belief, the allegations in the sixth sentence purport to characterize a report compiled by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

14.     Respondents lack sufficient information to admit or deny the allegations in the first, second (including the footnote), fourth, seventh, and eighth sentences of Paragraph 14 and deny them on that basis. The allegations in the third sentence consist of Petitioners' characterization of its petition, to which no response is required. The allegations in the fifth and sixth sentences are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

15.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 15 and deny them on that basis.

16.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 16 and deny them on that basis.

17.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 17 and deny them on that basis.

18.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 18 and deny them on that basis.

19.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 19 and deny them on that basis.

20.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 20 and deny them on that basis.

21.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 21 and deny them on that basis.

22.     Respondents lack sufficient information to admit or deny the allegations in the first, second, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 22 and deny them on that basis. The allegations in the third and fourth sentences are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

23.     The allegations in the first sentence of Paragraph 23 are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. Respondents lack sufficient information to admit or deny the remaining allegations in Paragraph 23 and deny them on that basis.

24.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 24 and deny them on that basis.

25.     In response to the allegations in Paragraph 25, Respondents admit that Debra Haaland is the Secretary of the United States Department of the Interior and that BLM is an

agency within the Department of the Interior. The remaining allegations consist of legal conclusions, to which no response is required.

26.     In response to the allegations in Paragraph 26, Respondents admit that the BLM is an agency within the Department of the Interior and that the agency created and administers the AIP. The remaining allegations consist of legal conclusions, to which no response is required.

27.     The allegations in Paragraph 27 purport to characterize the Wild Free-Roaming Horses and Burros Act ("WHA"), 16 U.S.C. §§ 1331 *et seq.*, a statute which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the statute, they are denied.

28.     The allegations in Paragraph 28 purport to characterize the WHA, a statute which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the statute, they are denied.

29.     The allegations in Paragraph 29 purport to characterize the WHA and a legal opinion issued by the Tenth Circuit Court of Appeals, both of which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the statute or the legal opinion, they are denied.

30.     The allegations in Paragraph 30 purport to characterize the WHA, a statute which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the statute, they are denied.

31.     The allegations in Paragraph 31 purport to characterize the WHA, a legal opinion issued by the Ninth Circuit Court of Appeals, and Public Law 116-260, section 419(e), all of which speak for themselves and are the best evidence of their content. To the extent that the

allegations are inconsistent with the plain language of the statute, legal opinion, or public law, they are denied.

32.     The allegations in Paragraph 32 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

33.     The allegations in Paragraph 33 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

34.     The allegations in Paragraph 34 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

35.     The allegations in Paragraph 35 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

36.     The allegations in Paragraph 36 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

37.     The allegations in Paragraph 37 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

38.     The allegations in Paragraph 38 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

39.     The allegations in Paragraph 39 purport to characterize the regulations implementing the WHA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

40.     The allegations in the first and eighth sentence of Paragraph 40 purport to characterize unidentified Instruction Memoranda, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the memoranda, they are denied. The allegations in the second through seventh sentences purport to characterize IM 2014-132, a document which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in footnote 4 to Paragraph 40 purport to characterize IM 2018-066 and IM 2019-026, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the memoranda, they are denied.

41.     The allegations in Paragraph 41 purport to characterize NEPA, 42 U.S.C. §§ 4321 *et seq*., a statute which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the statute, they are denied.

42.     The allegations in Paragraph 42 purport to characterize NEPA and the statute's implementing regulations, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the statute or the regulations, they are denied.

43.     The allegations in Paragraph 43 purport to characterize the regulations implementing NEPA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

44.     The allegations in Paragraph 44 purport to characterize the regulations implementing NEPA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

45.     The allegations in Paragraph 45 purport to characterize the regulations implementing NEPA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

46.     The allegations in Paragraph 46 purport to characterize the regulations implementing NEPA, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the regulations, they are denied.

47.     The allegations in Paragraph 47 purport to characterize the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq*., a statute which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the statute, they are denied.

48.     The allegations in Paragraph 48 purport to characterize a legal opinion issued by the United States Supreme Court, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the legal opinion, they are denied.

49.     The allegations in Paragraph 49 purport to characterize a legal opinion issued by the United States Supreme Court, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the legal opinion, they are denied.

50.     The allegations in Paragraph 50 purport to characterize the APA, a statute which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the statute, they are denied.

51.     The allegations in Paragraph 51 are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

52.     The allegations in the first and second sentences of Paragraph 52 are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. The allegations in the third sentence characterize the Petition, which require no response.  To the extent a response is required, the allegations are denied. The allegations in the fourth sentence purport to characterize

exhibits to the Petition, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in footnote 5 to Paragraph 52 purport to characterize a May 27, 2021 letter and a May 15, 2021 news article, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the documents, they are denied.

53.     The allegations in the first and third sentences of Paragraph 53 are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. The allegations in the second sentence purport to characterize an unidentified communication to Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

54.     The allegations in Paragraph 54 purport to characterize a 1997 news article, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

55.     The allegations in Paragraph 55 purport to characterize a 2015 report of the Department of the Interior's Office of the Inspector General, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

56.     The allegations in the first sentence of Paragraph 56 are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. The allegations in the second and third sentences purport to characterize a 2018 BLM report to Congress, which speaks for itself

and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the fourth sentence purport to characterize BLM's budget proposal for fiscal year 2019, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

57.     The allegations in the first clause of the first sentence of Paragraph 57 purport to characterize unidentified budget requests, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the documents, they are denied. The remaining allegations purport to characterize unidentified appropriations bills, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the documents, they are denied.

58.     The allegations in Paragraph 58 are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

59.     The allegations in Paragraph 59 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents further deny the allegations that IM 2019-025 created the AIP.

60.     The allegations in Paragraph 60 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

61.     The allegations in Paragraph 61 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

62.     The allegations in Paragraph 62 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

63.     The allegations in the first and fourth sentences of paragraph 63 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the second and third sentences purport to characterize IM 2014-132, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

64.     The allegations in the first and fourth sentences of Paragraph 64 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the second sentence characterize the Petition and set forth conclusions of law, which require no response.  To the extent a response is required, the allegations are denied. The allegations in the third sentence purport to characterize IM 2014-132, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

65.     The allegations in Paragraph 65 purport to characterize IM 2019-025, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

66.     Respondents deny the allegations in Paragraph 66.

67.     Respondents deny the allegations in Paragraph 67.

68.     Respondents deny the allegations in Paragraph 68.

69.     In response to the allegations in Paragraph 69, Respondents admit that they did not provide a public notice and comment opportunity for IM 2019-025 but deny that they were obligated to do so. Respondents further deny that the AIP was created through the issuance of IM 2019-025.

70.     The allegations in Paragraph 70 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

71.     The allegations in Paragraph 71 consist of legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

72.     In response to the allegations in Paragraph 72, Respondents deny that IM 2019-025 created the AIP. Further, Respondents admit that they did not prepare an EA or EIS when issuing IM 2019-025, but deny that they were obligated to do so.

73.     In response to the allegations in the first and tenth sentences of Paragraph 73, Respondents deny that IM 2019-025 created the AIP and Respondents admit that they did not prepare an EA or EIS when issuing IM 2019-025, but deny that they were obligated to do so. Respondents admit that they did not analyze the Program under NEPA but deny that they were obligated to do so. The allegations in the second sentence are vague, generalized, overbroad and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. Upon information and belief, the allegations in the third through seventh and ninth sentences purport to characterize the minutes or transcripts of various meetings of the National Wild Horse and Burro Advisory Board, which speak for

themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the documents, they are denied. The allegations in the eighth sentence consist of Petitioners' characterization of their claim, which requires no response.  To the extent a response is required, the allegations are denied.

74.     In response to the allegations in Paragraph 74, Respondents admit that there was no public process under NEPA or the APA associated with the issuance of IM 2019-025 but deny that such a process is required. The remaining allegations are denied.

75.     In response to the allegations in Paragraph 75, Respondents admit that the BLM has seen a substantial increase in public interest and participation in the adoption program since the issuance of IM 2019-025. The remaining allegations and the allegations in footnote 9 purport to characterize a May 14, 2020 press release, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

76.     The allegations in the first sentence of Paragraph 76 and footnote 10 purport to characterize a press release, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the second sentence and footnote 11 purport to characterize a BLM information sheet, which speaks for itself and is the best evidence of its content. To the extent the allegations are inconsistent with the plain language of the document, they are denied.

77.     The allegations in Paragraph 77 purport to characterize unidentified records, which speak for themselves and are the best evidence of their content. To the extent that the allegations are inconsistent with the plain language of the documents, they are denied.

78.     Respondents lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 78 and deny them on that basis.     In response to the allegations in the third sentence, Respondents admit that there was no public process under NEPA or the APA associated with the issuance of IM 2019-025 but deny that such a process is required. The remaining allegations are denied.

79.     In response to the allegations in Paragraph 79, Respondents deny that the AIP was created in January 2019, but admit that the first set of final $500 payments was issued in or around March 2020.

80.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 80 and deny them on that basis.

81.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 81 and deny them on that basis.

82.     Respondents lack sufficient information to admit or deny the allegations in the first, second, fourth, and fifth sentences of Paragraph 82 and deny them on that basis. The allegations in the third and sixth sentences are vague, generalized, overbroad and speculative, and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

83.     Respondents lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 83 and deny them on that basis. The allegations in the third sentence are vague, generalized, overbroad and speculative, and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied. The allegations in footnote 12 to Paragraph 83 purport to characterize a *New York Times*

article, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

84.     The allegations in Paragraph 84 are vague, generalized, overbroad and speculative, and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

85.     Respondents lack sufficient information to admit or deny the allegations in Paragraph 85 and deny them on that basis.

86.     Respondents lack sufficient information to admit or deny the allegations in the first through third sentences of Paragraph 86 and deny them on that basis. The allegations in the fourth sentence purport to characterize Petitioners' Petition in *American Wild Horse Campaign v. Bureau of Land Management*, No. 1:21-cv-01746 (D.D.C.), which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

87.     The allegations in the first and second sentence of Paragraph 87 purport to characterize a report compiled by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents lack sufficient information to admit or deny the allegations in the third through fifth sentences and deny them on that basis.

88.     The allegations in Paragraph 88 purport to characterize a *New York Times* article, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

89.     The allegations in the first sentence of Paragraph 89 purport to characterize a May 17, 2021 letter, which speaks for itself and is the best evidence of its content. To the extent that

the allegations are inconsistent with the plain language of the document, they are denied. Respondents deny the allegations in the second sentence.

90.     The allegations in the first and second sentences of Paragraph 90 purport to characterize a May 19, 2021 letter, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents deny the allegations in the third sentence.

91.     The allegations in Paragraph 91 purport to characterize a May 27, 2021 letter, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

92.     The allegations in Paragraph 92 purport to characterize a June 2, 2021 letter, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

93.     The allegations in the first through third sentences of Paragraph 93 purport to characterize a June 3, 2021 petition, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the fourth sentence characterize the Petition, to which no response is required.

94.     The allegations in the first sentence of Paragraph 94 purport to characterize a report compiled by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents lack sufficient information to admit or deny the allegations in the fourth sentence and deny them on that basis.

95.     The allegations in Paragraph 95 purport to characterize a report compiled by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

96.     The allegations in Paragraph 96 purport to characterize a report compiled by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

97.     Respondents lack sufficient information to admit or deny the allegations in the first and fourth sentences of Paragraph 97 and deny them on that basis. In response to the allegations in the second sentence, Respondents admit that Petitioners have pending FOIA requests; the remaining allegations purport to characterize those unidentified requests, which speak for themselves and are the best evidence of their content. The allegations in the third sentence are vague, generalized, overbroad and speculative, and do not permit Respondents to reasonably admit or deny any factual allegations contained therein; for these reasons, the allegations are denied.

98.     The allegations in Paragraph 98 purport to characterize a report compiled by Petitioners, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

99.     The allegations in Paragraph 99 purport to characterize a June 17, 2021 email communication, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

100.     The allegations in Paragraph 100 purport to characterize a June 22, 2021 email communication, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

101.     The allegations in the first and second sentences of Paragraph 101 purport to characterize a June 24, 2021 email communication, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents admit the allegations in the third sentence of this paragraph.

102.     Upon information and believe, the allegations in the first through third sentences of Paragraph 102 purport to characterize the minutes or transcript of a June 30, 2021 meeting of the National Wild Horse and Burro Advisory Board, which speaks for itself and is the best evidence of its content. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the fourth sentence consist of Petitioners' characterizations of their legal claims, which require no response. To the extent a response is required, the allegations are denied.

103.     Respondents lack information sufficient to admit or deny the allegations in Paragraph 103 and deny them on that basis.

104.     Respondents lack information sufficient to admit or deny the allegations in Paragraph 104 and deny them on that basis.

105.     Respondents admit the allegations in Paragraph 105.

106.     Respondents admit the allegations in Paragraph 106.

107.     Respondents admit the allegations in Paragraph 107.

108.     Respondents admit the allegations in Paragraph 108.

109.     Respondents deny the allegations in the first sentence of Paragraph 109 because the AIP policy issued through IM 2022-014 is not "new". Respondents admit that IM 2022-014 is dated December 19, 2021, and that it states it is "effective immediately"; however,

Respondents aver that statement is the result of the BLM's internal approval process, and despite that statement, the IM was not effective until January 26, 2022, the date on which the IM was publicly issued.

110.     The allegations in Paragraph 110 purport to characterize IM 2022-014, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

111.     The allegations in Paragraph 111 purport to characterize IM 2019-025 and IM 2022-014, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the plain language of the documents, they are denied.

112.     Respondents admit the allegation in Paragraph 112 that they did not provide a public notice and comment opportunity for IM 2022-014 but deny that they were obligated to do so.

113.     Respondents admit the allegations in the first sentence of Paragraph 113. The allegations in the remainder of this paragraph purport to characterize the Categorical Exclusion for Issuance of Revised Instruction Memorandum for Adoption Incentive Program for Wild Horses and Burros (the "Categorical Exclusion"), which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

114.     The allegations in the first and fourth sentences of Paragraph 114 purport to characterize the Categorical Exclusion, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents lack information sufficient to admit or deny the allegations in the second sentence of Paragraph 114 and deny them on that basis. The allegations

in the third sentence purport to characterize the BLM's NEPA Handbook, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied.

115.    The allegations in the first, second, and third sentences of Paragraph 115 purport to characterize the Categorical Exclusion, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. The allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 115 consist of legal conclusions, to which no response is required.

116.    The allegations in the first, second, and third sentences of Paragraph 116 purport to characterize IM 2022-014, which speaks for itself and is the best evidence of its contents. To the extent that the allegations are inconsistent with the plain language of the document, they are denied. Respondents lack information sufficient to admit or deny the allegations in the fourth and fifth sentences, and deny them on that basis. See also response in Paragraph 109.

117.    Respondents deny the allegations in Paragraph 117.

118.    Respondents deny the allegations in Paragraph 118.

119.    Respondents deny the allegations in Paragraph 119.

120.    Respondents deny the allegations in Paragraph 120.

121.    Respondents deny the allegations in Paragraph 121.

122.    Respondents deny the allegations in Paragraph 122.

123.    Respondents deny the allegations in Paragraph 123.

124.    Respondents deny the allegations in Paragraph 124.

125.    Respondents deny the allegations in Paragraph 125.

126.    Respondents deny the allegations in Paragraph 126.

127.    Respondents deny the allegations in Paragraph 127.

## REQUEST FOR RELIEF

The remainder of the allegations in the Petition constitute Petitioners' request for relief to which no response is required.  To the extent a further response is required, Respondents deny that Petitioners are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Respondents deny any allegations of the Petition, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE AND OTHER DEFENSES

Respondents assert the following defenses to the claims made in Petitioners' Petition:

1.      The Court lacks subject matter jurisdiction over some or all of Petitioners' claims.

2.      Petitioners have failed to establish their standing under the APA, 5 U.S.C. § 702, as a "person suffering legal wrong because of agency action" and/or as a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute."

3.      Petitioners have failed to establish their standing under Article III of the U.S. Constitution.

4.      Petitioners' claims are not ripe.

5.      Petitioners' claims fail to state a claim upon which relief can be granted.

6.      Respondents reserve the right to raise any defense—including, but not limited to, those expressly found in Federal Rules of Civil Procedure 8(c) and 12—that may be supported as this case proceeds.

WHEREFORE, Respondents request that the Court dismiss the Petition in its entirety, render judgment for Respondents and against Petitioners, and grant Respondents any further relief that the nature of the case and justice require.

Respectfully submitted this 1st day of April, 2022,

TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY, Section Chief
FRANCES MORRIS, Trial Attorney

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR., Senior Attorney
Wildlife and Marine Resources Section
999 18th St., South Terrace, Suite 370
Denver, CO 80202
Ph: 303-844-1373
Fax: 303-844-1350
rickey.turner@usdoj.gov

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the

Court's CM/ECF system, which will electronically serve all counsel of record.

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.
