IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-2146-REB

AMERICAN WILD HORSE CAMPAIGN *et al*.,

    Petitioners,

v.

HAALAND, *et al.*,

    Respondents.

---

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF**

---

The Property and Environment Research Center (PERC) requests leave to file the accompanying amicus brief in this case. Before filing this motion, PERC's counsel conferred with counsel for all parties. Petitioners (AWHC) and Respondents indicated that they take no position on the motion. However, AWHC anticipates that they will seek additional words as part of their merits reply brief to adequately address any arguments made in the amicus brief filed separately from, and in addition to, Respondents' merits brief.

**Movant**

PERC is the national leader in market solutions for conservation, with over 40 years of research and a network of respected scholars and practitioners. A nonprofit,

1

nonpartisan organization, PERC is dedicated to advancing conservation through markets, incentives, property rights, and partnerships. Through research, law and policy engagement, and innovative field conservation programs, PERC explores how aligning incentives for environmental stewardship produces sustainable outcomes for land, water, and wildlife.

### Standard for Granting Leave to File Amicus Briefs

District courts have broad discretion to allow amicus participation. *See, e.g., Spaggio v. Young*, No. 20-cv-01977-PAB-NYW, 2022 WL 970008, *4 (D. Colo. Mar. 31, 2022); *High Country Conservation Advocates v. U.S. Forest Service*, 333 F.Supp.3d 1107, 1116 (D. Colo. Aug. 10, 2018) *vacated on other grounds* 951 F.3d 1217 (10th Cir. 2020); *Medina v. Cath. Health Initiatives*, 2015 WL 13683647, *1 (D. Colo. Oct. 7, 2015). This Court looks to the Federal Rules of Appellate Procedure for guidance, which allows amicus briefs where a party "has an interest in the case, the matters it seeks to address are relevant, and its participation is desirable." FRAP 29. *See Spaggio*, *supra* at *3. This Court also considers whether the brief provides "'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Spaggio*, *supra* at *4 (quoting *WildEarth Guardians v. Lane*, 2012 WL 1002864, *2 (D.N.M. June 20, 2012)).

### The Proposed Amicus Brief Will Aid the Court's Deliberations

PERC has a strong interest in this case. The sharp growth in the wild horse population affects western rangeland health and wildlife populations, thereby implicating

PERC's conservation mission.[1] Although the Wild Free-Roaming Horses and Burros Act directs the BLM to "immediately remove" horses and burros from the range when populations grow too large and negatively impact the environment, 16 U.S.C. § 1333(b)(2), the limited tools and resources available to the agency have kept it from doing so. The growth in the number of wild horses in off-range facilities and the expense of caring for these animals is especially constraining, as it consumes more than half of the wild-horse program's budget. *See* BLM_000023.

In 2016, PERC scholars observed that the growth in wild horses held in off-range facilities is due to the adoption market not clearing, meaning the supply of horses consistently exceeds demand from adopters. *See* Vanessa Elizondo, Timothy Fitzgerald, & Randy Rucker, *You Can't Drag Them Away: An Economic Analysis of the Wild Horse and Burro Program*, 41 J. Ag. Res. Econ. 1, 17 (2016).[2] They proposed that the BLM respond to this market signal by changing the price to adopt a horse, from $125 to a negative price or subsidy. *See id.* at 18–20. This modest change would, PERC's research found, significantly boost adoption demand and free up BLM resources to protect wild horses and conserve rangeland ecosystems. *See id.*

PERC's expertise in economic analysis, unique perspective on incentive-based conservation, and experience with the challenged adoption incentive will aid this Court. *See High Country Conservation Advocates*, 333 F.Supp.3d at 1116–17 (granting a

---

[1] *See* PERC, *Reining in the Wild Horse Crisis*, https://perc.org/about-us/what-we-do/current-initiatives/reining-in-the-wild-horse-crisis/.
[2] https://dev-perc-wp.pantheonsite.io/wp-content/uploads/2016/09/JAREJanuary20161Elizondopp1-24.pdf.

nonprofit research center's motion in similar circumstances). PERC has regularly filed amicus briefs in public interest cases like this one affecting conservation markets and incentives.[3] *See Jones v. Dish Network Corp.*, No. 22-cv-00167, 2022 WL 2340661 (D. Colo. June 29 2022) (describing "'the classic role of amicus curiae' as 'assisting in a case of general public interest'" and denying a motion in a case concerning a narrow dispute over a contract between private parties). And, as demonstrated by PERC's proposed amicus brief, its arguments are relevant to the issues presented in this case.

By contrast, no factor strongly weighs against granting this motion. *See Spaggio*, *supra* at *4 (identifying other factors courts "often" consider). The motion is timely, filed only a few days after the BLM responded to AWHC's summary judgment motion. ECF. No. 50. No party has indicated their opposition to the motion. PERC's interests are not identical to any existing party. *See Center for Biological Diversity v. Jewell*, No. 16-cv-01932-MSK-STV, 2017 WL 4334071, *4 (D. Colo. May 16, 2017). Its participation will not interfere with the parties' ability to remain in control of the litigation. *See Securities and Exchange Commission v. Cetera Advisors LLC*, No. 19-cv-02461-MEH, 2020 WL 13470960, *2 (D. Colo. Aug. 25, 2020). And while both parties are represented by competent counsel, this factor is not dispositive. *See id.* at *3.

---

[3] *See, e.g., Sackett v. Envtl. Prot. Agency*, No. 21-454 (U.S. 2022) (addressing the role of uncertain regulatory standards on the incentives of private landowners to conserve and restore wetlands); *High Lonesome Ranch LLC. v. Bd. of County Comm'rs for Garfield Cnty.*, No. 21-1020 (10th Cir. 2021) (discussing the effect of unmanaged public access on private voluntary conservation efforts); *Atl. Richfield Co. v. Christian*, 140 S. Ct. 1335 (2020) (arguing that federal law does not preempt the rights of property owners to demand restoration of their property by a nearby polluter); *Ross v. Acadian Seaplants, Ltd.*, 206 A.3d 283 (Me. 2019) (defending the rights of coastal landowners to protect rockweed growing on their property from trespassers).

For the foregoing reasons, the Property and Environment Research Center respectfully requests leave to file its proposed amicus brief.

Respectfully submitted December 5, 2022.

          */s/ Jonathan Wood*
          Jonathan Wood
          Property and Environment Research Center
          2408 Analysis Dr. Ste. A
          Bozeman, MT 59718
          Ph: 406-587-9591
          jonathan@perc.org

          *Counsel for proposed amicus curiae*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court's CM/ECF system, which will electronically serve all counsel of record.

          */s/ Jonathan Wood*
          Jonathan Wood