IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-2146-WJM

AMERICAN WILD HORSE CAMPAIGN, et al.,

    Petitioners,

v.

DEBRA HAALAND, et al.,

    Respondents.

## ORDER FOR SUPPLEMENTAL BRIEFING

The parties have extensively briefed and argued whether Instruction Memorandum 2019-025 and Instruction Memorandum 2022-014 constitute legislative rules—which require notice and comment procedures—or interpretive, procedural, or general statements of policy—which do not. Petitioners principally rely on *W. Watersheds Proj. v. Zinke*, 441 F. Supp. 3d 1042 (D. Idaho 2020), whereas Respondents principally rely on *Friends of Animals v. Pendley*, 523 F. Supp. 3d 39 (D.D.C. 2021).

The *Western Watersheds Project* decision noted that "'[t]he critical factor' in determining whether a directive constitutes a general statement of policy is 'the extent to which the challenged [directive] leaves the agency, or its implementing official, free to exercise discretion to follow, or not to follow, the [announced] policy in an individual case.'" 441 F. Supp. 3d at 1067 (citation omitted). It went on to observe that, "to qualify as an exempted statement of policy, two requirements must be satisfied: (1) the policy

1

operates only prospectively; and (2) the policy does 'not establish a binding norm,' and is not 'finally determinative of the issues or rights to which [it] address[es],' but instead leaves officials 'free to consider the individual facts in the various cases that arise.'" *Id.* (citations omitted).  In support of its finding that the Instruction Memorandum at issue in that case was a final agency action, the court observed internal agency communications wherein staff members exchanged e-mails suggesting their belief that compliance with the Instruction Memorandum was mandatory and therefore binding.  *Id.* at 1063.

In light of this authority, the Court seeks supplemental briefing from the parties on the following issues:

- Whether record evidence supports the notion that BLM officials treated Instruction Memorandum 2019-025 and Instruction Memorandum 2022-014 as mandatory and binding, notwithstanding the repeated use of the words "should" and "may" throughout the Instruction Memorandums.
- Whether record evidence indicates that BLM ever exercised discretion in denying a qualified individual, pursuant to the terms outlined in Instruction Memorandum 2019-025 and Instruction Memorandum 2022-014, from adopting a wild horse or burro.

The Court directs the parties to specifically cite pertinent portions of the administrative record in support of their arguments.

The parties' supplemental briefing shall be filed contemporaneously, and shall not exceed ten pages, exclusive of certificate of service and attorney signature block. These briefs shall be due by no later than **February 21, 2025**.  No replies will be permitted.

Dated this 6th day of February, 2025.

BY THE COURT:

_____
William J. Martinez
Senior United States District Judge